IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LouAnn Gregory  and Charlotte "Jeanell" Tanton, on behalf of themselves and others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> Frontier Healthcare Group, Inc., FHG Liberty-Dayton, L.L.C., Liberty-Dayton Community Hospital, L.P., and Albert B. Schwarzer, individually, <br><br>     Defendants. | C.A. No. 09-1012 |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs on behalf of themselves and others similarly situated, bring this complaint to recover unpaid overtime wages from Frontier Healthcare Group, Inc., FHG Liberty-Dayton, L.L.C., Liberty-Dayton Community Hospital, L.P., and Albert B. Schwarzer, individually, ("Liberty-Dayton" or "Defendants").

## 1. INTRODUCTION

1.1.    The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S. C. § 202(a).

1.2.    Defendants failed to pay their employees, including Plaintiffs, for all hours worked during their employment.

1.3.    Accordingly, Plaintiffs bring this collection action to recover unpaid wages, liquidated damages, and attorney's fees owed to them and all other similarly situated employees under the FLSA.

1.4.    In addition, Plaintiffs allege that Defendants deducted monies from their paychecks that were to have been paid to insurance companies for insurance coverage. However, the monies was retained by Defendants and not used for the benefit of Plaintiffs. These actions constitute theft and/or conversion.

1.5.    In the alternative, Plaintiffs contend that their damages resulted from the negligent supervision, oversight, and management, of Defendants' operations. The Defendants owed a duty of care to Plaintiffs to appropriately manage the monies that the Plaintiffs were owed. Defendants beached that duty and acted below the applicable standard of care; thereby causing Plaintiff's damages.

## 2. JURISDICTION AND VENUE

2.1.    This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States. Specifically, this action arises under the FLSA, 29 U.S.C. § 201, *et seq.*

2.2.    Venue is proper in the Eastern District of Texas – Beaumont Division because a majority of Plaintiffs reside in the Eastern District of Texas – Beaumont Division, and Defendants have substantial contacts within this district.

## 3. PARTIES

3.1.   A majority of Plaintiffs are residents of Liberty, Texas.   Plaintiffs were employees employed by Defendants within the meaning of the FLSA. Plaintiffs' consents to this action are attached as Exhibit 1.

3.2.   "Members of the Collective Action" are current and former employees of Defendants who performed work and have not been paid since September 7, 2009, despite continuing to perform work and providing services to Defendants.   These Members of the Collective Action engaged in commerce or in the production of goods for commerce in performing their duties for Defendants.

3.3.   Frontier Healthcare Group, Inc., is a domestic corporation authorized to do business in Texas.   This Defendant, an enterprise engaged in commerce or the production of good for commerce, has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Members of the Collective Action.   Process may be served upon its registered agent, Albert B. Schwarzer, 3901 West Vickery Blvd., Ste. 4, Fort Worth, Texas 76107-5672.

3.4.   FHG Liberty-Dayton, L.L.C., is a domestic corporation authorized to do business in the state of Texas.   This Defendant, an enterprise engaged in commerce or the production of good for commerce, has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Members of the Collective Action.   Process may be served upon its registered

agent, Albert Schwarzer, 3112 Collinsworth Street, Ste., 120, Houston, Texas 76107.

3.5. Liberty-Dayton Community Hospital, L.P., is a domestic corporation authorized to do business in Texas. This Defendant, an enterprise engaged in commerce or the production of good for commerce, has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Members of the Collective Action. Process may be served upon its registered agent, Albert Schwarzer, 3112 Collinsworth Street, Ste., 120, Houston, Texas 76107.

3.6. Albert B. Schwarzer is the President of Frontier Healthcare Group, Inc., and the Manager of FHG Liberty-Dayton, L.L.C. Schwarzer is an individual residing in Fort Worth, Texas. Schwarzer has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Members of the Collective Action and is personally liable for the Defendants' violations of the FLSA. Process may be served upon Albert Schwarzer at 3112 Collinsworth Street, Ste., 120, Houston, Texas 76107.

## 4. FACTS

4.1. Defendants are in the health care industry.

4.2. Plaintiffs and Members of the Collective Action worked full time for Defendants. Although Plaintiffs and Members of the Collective Action regularly worked forty (40) hours per week, they were not paid for work performed and have not been paid since September 7, 2009, despite continuing to perform work and providing services to Defendants.

4.3.  Schwarzer has substantial financial interest in Defendants, and was directly
involved in:

   a. the hiring and firing of Defendants' employees;

   b. the day-to-day operations of Defendants as they relate to
      defining the terms of employment, workplace conditions, and the
      level of compensation to be received by Defendants' employees;

   c. the Defendants' finances; and

   d. corporate decisions.

### PLAINTIFFS' ALLEGATIONS

4.4.  Defendants refused to compensate Plaintiffs for hours worked since
September 7, 2009.  No justification or excuse existed for Defendants' practice
of failing to compensate Plaintiffs for all work performed during this period.

4.5.  As such, Defendants failed to pay Plaintiffs minimum wages for all hours
worked.  Failure to pay minimum wages was and is in violation of the FLSA.

4.6.  Plaintiffs are entitled to all of their unpaid wages for all hours worked for
Defendants.  Plaintiffs are also entitled to liquidated damages in an amount
equal to their unpaid wages.

4.7.  Finally, Plaintiffs are entitled to reasonable attorneys' fees and costs of this
action. 29 U.S.C. § 216(b) (2009).

### COLLECTIVE ACTION ALLEGATIONS

4.8.  Other employees have been victimized by Defendants' pay practices and
policies which are in willful violation of the FLSA.  All of these employees
worked with Plaintiffs.  Therefore, Plaintiffs are aware that the illegal

practices or policies of Defendants have been imposed on the Members of the Collective Action.

4.9.   Each Member of the Collective Action experienced the same loss of wages. Therefore, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Collective Action.   The Members of the Collective Action are, therefore, similarly situated in terms of pay practices.

4.10.  Defendants' failure to pay minimum wages as required by the FLSA results from a generally applicable policy which does not depend on the personal circumstances of the Member of the Collective Action.   This generally applicable policy is specifically prohibited by the FLSA.   Thus, Plaintiffs' experiences are typical of the experiences of the Member of the Collective Action.

4.11.  No justification or exemption excuses the Defendants from paying the Member of the Collective Action minimum wages for all hours worked each workweek. Nor have Defendants made a good faith effort to comply with the FLSA. As such, Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage compensation with respect to the Members of the Collective Action.

4.12.  Accordingly, the class of similarly situated plaintiffs is properly defined as: All current or former employees employed by the Defendants in Liberty County at the Liberty County Hospital, and who have not paid since

September 7, 2009, despite continuing to perform work and providing services to Defendants.

### 5. CAUSES OF ACTION – FAILURE TO PAY MINIMUM WAGE

5.1.    Plaintiffs incorporate all allegations contained in paragraphs 4.1-4.12.

5.2.    Neither Plaintiffs nor the Members of the Collective Action were compensated for all hours worked. Defendants' practice of failing to pay Plaintiffs and the Members of the Collective Action for all hours worked was and is a violation of the minimum wage provisions of the FLSA.

5.3.    Plaintiffs and the Members of the Collective Action are entitled to their unpaid wages.

5.4.    Additionally, Plaintiffs and the Members of the Collective Action are entitled to an additional amount equal to all their unpaid wages as liquidated damages.

5.5.    Plaintiffs and the Members of the Collective Action are entitled to reasonable attorney's fees and costs of this action. 29 U.S.C.A. § 216(b)(2009).

### 6. CAUSES OF ACTION – THEFT/CONVERSION

6.1.    Plaintiffs allege that Defendants deducted monies from their paychecks that were to have been paid to insurance companies for insurance coverage. However, the monies was retained by Defendants and not used for the benefit of Plaintiffs. These actions constitute theft and/or conversion.

### 7. CAUSES OF ACTION – NEGLIGENCE

7.1.    In the alternative, Plaintiffs contend that their damages resulted from the negligent supervision, oversight, and management, of Defendants' operations.

The Defendants owed a duty of care to Plaintiffs to appropriately manage the monies that the Plaintiffs were owed.  Defendants beached that duty and acted below the applicable standard of care; thereby causing Plaintiff's damages.

## 8.  JURY DEMAND

8.1.    Plaintiffs hereby make their request for a jury trial on behalf of themselves and others similarly situated.

## 9.  PRAYER

9.1.    Plaintiffs respectfully pray for the following relief:

    9.1.1.    compensatory damages for the full amount of unpaid wages;

    9.1.2.    an amount equal to unpaid wages as liquidated damages;

    9.1.3.    reasonable attorney's fees, costs, and expenses of this action.

    9.1.4.    Pre-judgment interest at the highest legal rate;

    9.1.5.    Post-judgment interest at the highest legal rate until paid;

    9.1.6.    Such other and further relief, at law or in equity, general or special to which Plaintiff and the Members of the Collective Action are justly entitled.

Respectfully submitted,

**MARTIN SHELLIST**
State Bar #00786487
**TODD SLOBIN**
State Bar #24002953
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
713 621-2277 * 713 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFFS

of Counsel:
SHELLIST★LAZARZ, LLP.