UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LouAnn Gregory and Charlotte "Jeanell" Tanton, on behalf of themselves and others similarly situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 09-1012 |
| Frontier Healthcare Group, Inc., FHG Liberty-Dayton, L.L.C., Liberty-Dayton Community Hospital, L.P., and Albert B. Schwarzer, invididually, | § § § § § § | |
| Defendants | § | |

APPLICATION FOR TURNOVER AFTER JUDGMENT
AND APPOINTMENT OF RECEIVER
AND REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs make this Application for Turnover After Judgment and Appointment of Receiver as to the non-exempt property of the Defendants and requests a hearing on this matter at the court's earliest convenience, and in support thereof shows the following:

JUDGMENT INFORMATION

1. On **August 20, 2010,** Plaintiffs recovered a judgment against Defendants for **$219,777.17 plus post judgment interest at the rate of .25% per annum,** of which all or part of the judgment amount is unpaid at this time. Additional costs associated with this Application and efforts to collect the judgment may also continue to accrue. The judgment is in all respects, final, valid and subsisting. Applicant is the owner and holder of said judgment. If multiple defendants against whom the Judgment was entered, then whenever this Application refers to "Defendant" it mean any and all Defendants named in the Judgment.

PRIOR COLLECTION EFFORTS / NECESSITY OF A RECEIVER

2. The appointment of a receiver is justified to aid the Court in the performance of specific duties which a sitting court simply cannot undertake. A receiver will conserve the resources of

the Court on routine post judgment matters, including locating and liquidating property. Because the Court cannot order a witness to travel more than 150 miles to appear and give testimony, a receiver is needed to travel to interview witnesses.

3. Applicant has made a good faith effort to collect the judgment but has been unsuccessful prior to filing this application by issuing post-judgment discovery to which the Defendants did not respond. Such discovery included post-judgment interrogatories, post-judgment requests for admissions, post-judgment request for production of documents and a notice of post-judgment non-stenographic deposition for each Defendant. None of the Defendants responded to any of the discovery requests or appeared for their depositions.

5. The appointment of a receiver will result in the need for fewer hearings, lower attorney's fees, and protect the economic interests of both the Plaintiffs and the Defendants.

6. This is an exceptional case due to its complexity and the intensity needed to enforce the judgment. Good cause exists for the appointment of a receiver.

## PROPERTY

7. Plaintiffs have a good faith reason to believe that Defendants own property including present or future rights to property, that cannot be attached or levied on by ordinary legal process and which is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. In fact, Defendants have admitted such by failing to respond to legitimate post-judgment discovery, including Post Judgment Interrogatories and Requests for Production and otherwise refusing to cooperate in the identification of assets and the collection of the judgment.

## AUTHORITY/COMPENSATION OF THE RECEIVER

7. Plaintiffs request the Court to appoint a receiver with the power and authority to take possession of and sell all non-exempt assets of Defendants (and all documents related thereto) including but not limited to cash and contents in all accounts of all financial institutions and to apply the proceeds to satisfy the judgment and all amounts due under the receivership. Plaintiffs request that receiver have broad powers in enforcing this order including but not limited to ordering the production of documents set forth in Exhibit "A" of this Application and the proposed order.

8. Plaintiffs request that Defendants be ordered to pay the receiver 25% of any recoveries by the receiver as compensation to the receiver, and that such compensation (and out of pocket expenses directly related to the recovery) be paid, as taxable costs of court, in addition to the

amount owed to the Plaintiffs.

## ADDITIONAL COSTS

9. Plaintiffs request that Defendants be ordered to pay additional and reasonable attorney's fees of at least $200.00 for preparing and urging this Application, as authorized by Chapter 31.002, Civil Practice and Remedies Code.

## PRAYER

Wherefore, Plaintiffs request that after notice to Defendants to answer and appear herein and that upon final hearing hereof, the Court grant the relief requested in this Application and for all further relief, at law or in equity, to which the Plaintiffs may be justly entitled.

Respectfully submitted,

_[signature]_

MARTIN SHELLIST
State Bar #00786487
TODD SLOBIN
State Bar #24002953
3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: 713 621-2277
Facsimile: 713 621-0993

ATTORNEYS FOR PLAINTIFFS

of Counsel:

SHELLIST LAZARZ SLOBIN LLP.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document was sent via certified mail, return receipt requested to the Defendants on the 17th day of November, 2010.

Liberty-Dayton Community Hospital, L.P.
Mr. Albert B. Schwarzer
Registered Agent
3221 Collinsworth, Suite 120
Ft. Worth, Texas 76107

FHG Liberty-Dayton, LLC
Mr. Albert B. Schwarzer
Registered Agent
3221 Collinsworth, Suite 120
Ft. Worth, Texas 76107

Mr. Albert B. Schwarzer
3221 Collinsworth, Suite 120
Ft. Worth, Texas 76107

Frontier Healthcare Group, Inc.
Albert B. Schwarzer
Registered Agent
3221 Collinsworth, Suite 120
Ft. Worth, Texas 76107

_____
Todd Slobin

# EXHIBIT "A"
# MANDATORY DOCUMENT PRODUCTION

1. Provide true, correct and complete copies of all personal and business federal income tax returns filed by or prepared for Defendants for the current year and for the last three (3) years prior to the current year, together with all schedules, attachments, W-2 forms, 1099 forms and all similar federal income summary forms for the same years.

2. Provide all statements, canceled checks and deposit slips for all checking accounts, savings accounts, credit union accounts or other depository accounts, held either separately or jointly, for the current calendar year and for the last three (3) years prior to the current calendar year for all accounts in which Defendants' names are on the printed checks, in which Defendants have an interest and/or in which Defendants have signatory authority.

3. Provide true, correct and complete copies of all financial statements prepared by or on behalf of Defendants within the last three (3) years, including but not limited to, all such statements presented to any financial institution and/or any other party for the purpose of guaranteeing, securing or attempting to secure a loan or financial assistance of any kind.

4. All booklets, current and/or annual statements and all other documents evidencing the nature and extent of Defendants' rights under any stock option plan, retirement plan, pension or profit sharing plan, employee stock ownership plan, company savings plan, thrift fund matching plan and all other similar plans prepared or received during the last three (3) years.

5. Provide the most recent statements, deposit confirmation slips, documents evidencing the balance, term and interest rates for each and every amount of money and assets in which Defendants have any interest, whether separately or jointly, invested by or for the Defendants in any cash management funds, certificates of deposit, money market funds, treasury bills, bonds, debentures or any other type investment and acquisition paying or promising to pay a return on Defendants' monies invested during the current year and for the three (3) calendar years prior to the current year.

6. Provide all certificates of stock and/or brokerage house statements evidencing all ownership and every purchase, sale, assignment or transfer of stocks, bonds, debentures and/or other securities (whether in privately held or publicly traded companies or institutions) owned by Defendants or in which Defendants have a beneficial interest.

7. Provide all documents and records of every kind or character showing all business holdings, partnerships (general, limited or otherwise), sole proprietorships, trust, corporations, joint ventures and any other business organizations of every kind in which Defendants are a partner or has an interest and any and all assumed name certificates under which Defendants have done or is doing business.

8. Provide all policies of insurance active and terminated in the current year and two (2) calendar years prior to the current year whether life, health, auto, disability, homeowners, personalty or otherwise of which Defendants are the owners, beneficiaries, insured, heirs to the proceeds, beneficiaries of existing or identified trust funded by insurance proceeds.

9. Provide all deeds, deeds of trust, land installment contracts, contracts for deeds, syndications, real estate investment trusts, partnership agreements, easements, rights of way, leases, rental agreements, documents involving mineral interests, mortgages, notes and closing statements relating to all real property in which Defendants now have or in which Defendants have an interest during the last three (3) years.

10. Provide all certificates of title, current licenses, receipts, bills of sale and loan documents for all motor vehicles and farm equipment, including but not limited to automobiles, trucks, motorcycles, recreational vehicles, boats, trailers, airplanes and other motorized vehicles and equipment owned by Defendants or in which Defendants have and had any interest.

11. For every trust of which Defendants are trustees, joint trustees, beneficiaries, settlor or trustor which conveyed, transferred, assigned, created any options to purchase, or disposed of any interest in real property or personal property in any manner during the last three (3) years, please furnish documents evidencing the manner of disposition and the consideration received or to be received. Also, furnish all documents showing all evaluations of Defendants' interest, share of principal and income and documents showing the principal and income allocated to Defendants whether or not distributed during the last three (3) years.

12. Produce all documents and records of all safe deposit boxes maintained by Defendants and to which Defendants have had access, or has a claim, right or interest in, including all lists of all contents therein. Identify the location of all said safe deposit boxes.

13. Produce all documents constituting and/or describing all accounts receivable of Defendant whether or not collected. Also provide all documents identifying all accounts receivables of all ongoing businesses which Defendants owns and in which Defendants had and have an interest and a copy of all collected, offset, credited, uncollected, discounted, assigned, pledged and exchanged accounts receivables.

14. If any real estate in which Defendants or if applicable, Defendants' present spouse have an interest has been appraised within the past three (3) years, furnish a copy of each appraisal.

15. If any personal property in which Defendants or if applicable, Defendants' present spouse has an interest has been appraised within the past three (3) years, furnish a copy of each appraisal.

16. If an inventory or list of personal property has been made by Defendants or if applicable, Defendants' present spouse within the past three (3) years, furnish a copy of such inventory or list including all estimates of value placed on each item.

17. Produce all documents, notes, bills, statements and invoices evidencing all current indebtedness payable by Defendants or paid off during the last three (3) years and all assignments of promissory notes made by Defendants during the last three (3) years.

18. Produce all lease agreements for personal property and real property executed by Defendants within the last three (3) years and/or which are currently in effect, whether as lessee, lessor, sublessee, sublessor, assignee or assignor, including any mineral interest leases.

19. Produce all records of all travelers checks, cashier's checks, money orders, draft and draws purchased or cashed within the last three (3) years.

20. Provide the names, addresses and telephone numbers of all organizations and persons within Defendants' knowledge who has or may have knowledge of the status of property in which Defendants has and had an interest, whether being community or separate property, the liabilities of Defendants and/or the location and value of any assets of Defendants. Include banks, savings and loan associations, mortgagees, merchants, credit providers, brokers, credit unions, financial institutions, security dealers, people and organizations dealing with mineral interests who have received information from Defendants regarding or including information about Defendants' assets and assets in which Defendants has an interest, Defendants' income and Defendants' liabilities.

21. Provide documents and all records which would indicate the cost basis of assets presently owned by Defendants.

22. Provide a copy of the current inventory and all past inventories, accounts receivable of all ongoing businesses which Defendants own and in which Defendants had and have an interest and a copy of all collected, offset, credited, uncollected discounted, assigned, pledged and exchanged accounts receivable of all businesses owned by Defendants and in which Defendants have and had an interest.

23. Provide all contracts in which Defendants are a party or in which Defendants have or had a beneficial interest, including but not limited to any earnest money contracts, construction contracts and sales agreements in which Defendants are due a commission or other remuneration. If Defendants are presently under the terms of any written employment contract and/or agreement or are due any remuneration under any past contract or agreement, furnish a true copy of said contract or agreement.

24. Provide all of the following documents for any corporation in which Defendants have an interest:
    a. Articles of Incorporation.
    b. Bylaws and all amendments.
    c. Shareholders Agreement and any amendments.
    d. A specimen of the corporation's Share Holder Certificate including any stock transfer restrictions noted on the face of the certificate or referred to thereon.
    e. All records of the original issuance of shares issued by the corporation and a record of each transfer of those shares that have been presented to the corporation for registration of transfer.
    f. The names and current addresses of all past and current shareholders of the corporation and the number and class or series of shares issued by the corporation held by each of them.
    g. A copy of the current share transfer ledger of the corporation showing the certificate number, date of issuance, shareholder name and number of shares represented to be held by the shareholders.
    h. Any financial statements of the corporation prepared for or issued by the corporation in the previous two years.
    i. The books and records of accounts of the corporation for the last fiscal year.

    j. The corporation's annual statements for its last fiscal year showing in reasonable detail its assets and liabilities and the results of its operations and the most recent interim statements, if any, which have been filed in a public record or otherwise published.
    k. The minutes of the proceedings of the owners or members or governing authority of the corporation and committees of the owners or members or governing authority of the corporation.
    l. The corporation's federal, state, and local information or income tax returns and franchise tax returns for each of the corporation's six most recent tax years.

25. Provide all of the following documents for any limited liability company ("Company") in which Defendants have an interest:
    a. The Articles of Organization.
    b. The Operating Agreement or Company Agreement and all amendments and modifications.
    c. The Regulations, if any, and all amendments and restatements.
    d. The Company's books and records of accounts for the last three years.
    e. The Company's minutes of the proceedings of the owners or members or governing authority of the Company and committees of the owners or members or governing authority of the Company.
    f. The current list of each member's name, mailing address, percentage or other interest in the Company owned by each member, and if one or more classes or groups are established in or under the articles of organization or regulations, the names of the members who are members of each specified class or group.

    g. Copies of the federal, state and local information or income tax returns and franchise tax returns for each of the Company's six most recent tax years.
    h. Copies of any document that creates, in the manner provided by the articles of organization or regulations, classes or groups of members.
    i. Unless they are contained in the Articles of Organization or regulation, a written statement of:

        (1) the amount of a cash contribution and a description and statement of the agreed value of any other contribution made or agreed to be made by each member;

        (2) the dates any additional contributions are to be made by a member;

        (3) any event the occurrence of which requires a member to make additional contributions;

        (4) any event the occurrence of which requires the winding up of the Company; and

        (5) the date each member became a member of the Company.

    j. A specimen of the Company's Member Unit or Share Certificate including any transfer restrictions noted on the face of the certificate or referred to thereon.

    k. The current unit or share transfer ledger of the Company showing the certificate number, date of issuance, unit holder or shareholder name and number of shares represented to be held by any owner of the Company.

    l. The income and expense statement for the Company for the past three years if they are not contemplated under No. 4 above.

    m. Any financial statements of the Company prepared for or issued by the Company in the previous two years.

26. Provide all of the following documents for any limited partnership in which Defendants have an interest:

    a. A current list that states:

        (1) the name and mailing address of each partner, separately identifying in alphabetical order the general partners and the limited partners;

        (2) the last known street address of the business or residence of each general partner;

        (3) the percentage or other interest in the partnership owned by each partner; and

        (4) if one or more classes or groups are established under the partnership agreement, the names of the partners who are members of each specified class or group.

    b. A copy of:

        (1) the limited partnership's federal, state, and local information or income tax returns and franchise tax returns for each of the partnership's six most recent tax years;

        (2) the partnership agreement and certificate of formation; and

        (3) all amendments or restatements.

    c. Copies of any document that creates, in the manner provided by the partnership agreement, classes or groups of partners.

    d. An executed copy of any powers of attorney under which the partnership agreement, certificate of formation, and all amendments or restatements to the agreement and certificate have been executed.

    e. Unless contained in the written partnership agreement, a written statement of:

        (1) the amount of the cash contribution and a description and statement of the agreed value of any other contribution made by each partner;

        (2) the amount of the cash contribution and a description and statement of the agreed value of any other contribution that the partner has agreed to make in the future as an additional contribution;

        (3) the date on which additional contributions are to be made or the date of events requiring additional contributions to be made;

        (4) events requiring the limited partnership to be dissolved and its affairs wound up; and

        (5) the date on which each partner in the limited partnership became a partner.

  f. The records of the accounts of the limited partnership.

  g. The income and expense statement for the limited partnership for the past three years if they are not contemplated under No. 6 above.

  h. Any financial statements of the limited partnership prepared for or issued by the limited partnership in the previous two years.

  27. Provide documents by which every gift, bailment, loan, gratuitous holding assignment, sale, hypothecation, discounted transfer, transfer into lock box payment and transfer of Defendants' property during the last three (3) years, including, but not limited to, all property described hereinabove and any other property of any nature.

  28. Provide documents and records of every kind and character showing all personal property in which Defendants have and had an interest in the State of Texas, the United States of America or any other place.

  29. Provide copies of the Articles of Incorporation, partnership agreements and assumed name records of all companies, partnerships, corporations and proprietorships that have owners, employees, officers, directors, shareholders and partners which are or were also owners or employees of Defendants.

  30. Provide employment records or pay records to indicate every business for which Defendants were employed, provided services, was an independent contractor, general contractor, superintendent, agent or subcontractor during the last three (3) years.

  31. To the extent not already produced in response to the foregoing, produce the following property, documents and records which Defendants own or have an interest: all checks, cash, securities (stocks and bonds), promissory notes, deeds, deeds of trust, documents of title, contracts, accounts receivable, escrow agreements, retainage agreements, records and all documents that identify all property in which Defendants have an interest and that which is collateral or security for any obligation or contingent obligation of Defendants, along with all documents indicating any interest of the Defendants in rental agreements, royalty agreements, licenses, bailment agreements, filings pursuant to the Uniform Commercial Code, security agreements, assignments, all filed or recorded liens, lis pendens, lawsuits, recorded Mechanics and Materialmen's Lien Affidavits, judgments, abstracts, partnership agreements, employment agreements, as well as all documents indicating Defendants' present and prospective heirship, beneficial interest in trusts, beneficial interest in insurance policies and insurance coverage and right to any insurance policy's cash surrender value or ownership.