UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LouAnn Gregory and Charlotte "Jeanell" Tanton, on behalf of themselves and others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 09-1012 |
| Frontier Healthcare Group, Inc., FHG Liberty-Dayton, L.L.C., Liberty-Dayton Community Hospital, L.P., and Albert B. Schwarzer, invidiually, | § § § § § § | |
| Defendants | § | |

ORDER GRANTING TURNOVER AND APPOINTING RECEIVER

On the below stated date the Court heard Plaintiffs' Application for Turnover After Judgment and Appointment of Receiver. A record of the testimony concerning (1) the Plaintiffs' efforts to conduct post-judgment discovery of Defendants' non-exempt property and (2) Plaintiffs' efforts to enforce and collect its judgment by way of a writ of execution and any other post-judgment writs and (3) the Plaintiffs' identification and nature of non-exempt property of Defendants that are not readily attachable through ordinary legal process was duly transcribed by the official Court Reporter of this Court. After the Court's review of the papers on file herein, and all testimony and evidence, the Court became of the opinion that Plaintiffs are entitled to collect upon a final, valid and subsisting judgment against the Defendants, **Frontier Healthcare Group, Inc., FHG Liberty-Dayton, L.L.C., Liberty-Dayton Community Hospital, L.P., and Albert B. Schwarzer.** If multiple defendants are included in this Order, then whenever this Order refers to "Defendant" it mean any and all Defendants named herein.

FINDINGS OF FACT

On **August 20, 2010**, Plaintiffs recovered a judgment against Defendants for **$219,777.17 plus post judgment interest at the rate of .25% per annum,** of which all or part of the judgment

amount is unpaid at this time. The judgment is in all respects, final, valid and subsisting.

Plaintiffs are the owner and holder of the judgment.

The Court further finds that Applicant has, prior to filing the Application for Turnover After Judgment and Appointment of Receiver, attempted to collect the judgment and served Defendants with post-judgment discovery. Applicant has made a good faith effort to collect the judgment but has been unsuccessful prior to filing this application by issuing post-judgment discovery to which the Defendants did not respond. Such discovery included post-judgment interrogatories, post-judgment requests for admissions, post-judgment request for production of documents and a notice of post-judgment non-stenographic deposition for each Defendant. None of the Defendants responded to any of the discovery requests or appeared for their depositions.

The Court finds that Plaintiffs have made a good faith effort to collect the judgment but was unsuccessful prior to filing the Application for Turnover After Judgment and Appointment of Receiver for the reasons stated above.

The Court finds that the Defendants have avoided collection efforts and such failure to cooperate has necessitated the appointment of a receiver to facilitate the collection of the judgment to which Plaintiffs are legally entitled.

The Court finds that Plaintiffs have a good faith reason to believe that Defendants own property including present or future rights to property, that cannot be readily attached or levied on by ordinary legal process and which is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Plaintiffs have presented evidence and the Court has admitted into evidence at least some evidence of non-exempt property of the Defendants which is not readily attachable through ordinary legal process as required under the standard set forth in *Tanner v. McCarthy*, 274 S.W.3d 311 (Tex.App.–Houston [1st Dist.] 2009, no pet.) and Plaintiffs are therefore entitled to the relief available to Plaintiffs pursuant to Tex. Civ. Prac. & Rem. Code §31.002(h), a Turnover Order which does not identify specific property subject to turnover.

The Court finds that Plaintiffs has met the factors necessary to show the need for receivership including, but not limited to, the following: a valid claim by party seeking receiver's appointment; probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent

danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than har.m

Based on the foregoing Findings of Fact the Court finds that Plaintiffs are entitled to aid from this Court to collect and enforce its judgment. It is therefore,

ORDERED, ADJUDGED AND DECREED that:

1. Peter E. Pratt, Jr., Attorney at Law, State Bar Number 16239990, 1800 Bering Drive, Suite 315, Houston, Texas 77057, (713) 599-1177, (713) 599-1178 Facsimile, is hereby appointed Receiver in this cause pursuant to the Texas Turnover Statute to serve after posting bond in the sum of $100.00 and taking the oath of office.

2. Defendants shall make a full and complete disclosure to the Receiver of all of Defendants' non-exempt assets and to neither directly nor indirectly interfere or impede the Receiver in his performance of his duties under this Order.

3. Defendants are Ordered to turn over and deliver custody to the Receiver within ten (10) days from Defendants' receipt of a copy of this Order, the documents described in Exhibit "A" attached hereto, together with all other documents and records requested by the Receiver, and to pay the proceeds to the Receiver to the extent required to satisfy the amount owed under the judgment and this receivership.

4. To the extent owed pursuant to the final judgment and the subject of this turnover order and receivership, Defendants turn over to the Receiver at the Receiver's address stated above, within ten (10) days of Defendants' receipt of a copy of this Order, all checks, cash, securities (stocks and bonds), promissory notes, documents of title and contracts, and is hereby Ordered to continue to turn over to the Receiver at the Receiver's address all of Defendants' checks, cash, securities (stocks and bonds), promissory notes, documents of title and contracts within three (3) days from Defendants' receipt and possession of such property, if, as and when Defendants become in receipt and possession of any such property.

5. Receiver shall have all the power and authority to take possession of all **non-exempt** property of Defendants that is in the actual or constructive possession or control of Defendants, including but

not limited to:

   a. all cash and accounts receivable (including lease payments, notes receivable, promissory notes, drafts and checks, monies on deposit in financial institutions, financial accounts (bank accounts) and monies received by the Defendants in the form of checks, cash or credit card payments or receipts;

   b. stocks, bonds, securities, brokerage accounts, certificates of deposits, money market accounts, and accounts held by any third party;

   c. all real property and deeds to real property;

   d. titles to automobiles or other vehicles, boats, planes, recreational vehicles, etc.;

   e. all safety deposit boxes or vaults and the contents therein;

   f. any and all causes of action or chooses of action, and contract rights, whether present or future;

   g. all furniture, fixtures, equipment, supplies and inventory;

   h. all documents, books and records related to any property of Defendants (including financial records) that is in the actual or constructive possession or control of Defendants;

6. Receiver is authorized by the Court to obtain credit reports, bank searches and other reports to aid in locating nonexempt property. Receiver may order any Consumer Reporting Agency, as defined by the Fair Credit Reporting Act ("FCRA") Section 16 USC Section 1681b(f) to provide consumer reports on Respondent(s) and witnesses as allowed under FCRA Section 1681b(a)(1).

7. Receiver is hereby authorized to take all action necessary to gain access to all **non-exempt** real property, leased premises, storage facilities and safe deposit boxes wherein any real and/or personal property of Defendants may be situated and to seize the contents thereof.

8. The Receiver is authorized to secure control over any and all non-exempt real and personal property of the Defendants and engage in pre-sale activities in order to secure the highest and best sales price for such property, including but not limited to appraisals, evaluations, listing agreements, advertising agreements, etc. In addition, Receiver is directed to make application to the Court for a finding of the non-exempt nature of any real property prior to consummating any sales transaction. Receiver must make application to this Court for a specific finding on the non-exempt status of any

real and personal property whose non-exempt status is unclear, and this application is to be filed with and approved by this Court with notice and opportunity for hearing granted for Plaintiffs and Defendants.

9. All sales of real property must be individually approved by this Court with notice and opportunity for hearing granted to Plaintiffs and Defendants.

10. Receiver is authorized but not required to (a) disable or remove any non-exempt property belonging to the Defendants or to place the property into storage; (b) insure any property taken into his possession; and (c) change the locks to premises belonging to the Defendants.

11. Receiver shall have the power to issue subpoenas to Defendants, third parties and witnesses for the production of documents, things and information including but not limited to matters concerning the existence, location, and/or value of Defendants' assets and their location.

12. Any constable, deputy constable, sheriff, deputy sheriff or any other peace officer is hereby authorized to accompany Receiver pursuant to a writ to locations designated by Receiver where Receiver believes Defendants' assets may be located, said peace officers being hereby Ordered to prevent any person(s) from interfering with the Receiver from carrying out any duty under this Order or interfering with any property in control of the Receiver, or any property subject to this Order.

13. Any person or any agent of any person, with actual notice of this Order is not to interfere with any property in control of the Receiver or subject to this Order, and is further Ordered not to interfere with the Receiver in the carrying out of any duty under this Order. Third parties are hereby notified that the Receiver, to the exclusion of the Defendants, is the party entitled to possess, sell, liquidate and otherwise deal with Defendants' non-exempt real and personal property and once any third party receives notice of this Order, they may be subject to liability should they release any property to Defendants unless directed by the Receiver or the court.

14. It is hereby ordered that Receiver may seek from the Court as a receiver's fee an amount equal to twenty-five percent of all proceeds coming into his possession, not to exceed twenty-five percent of the balance due on the Judgment including post-judgment attorney's fees, Receiver's fees and expenses, which the Court may determine to be fair, reasonable and necessary fee for the Receiver; and is further directed and authorized to pay Plaintiffs' attorney as Trustee for the Plaintiffs the

remaining 75% of all proceeds coming into the Receiver's possession. No receiver's fee exceeding 25% of all proceeds coming into the Receiver's possession shall be paid to the Receiver unless an application is filed with and ruled on by this court with notice and opportunity for hearing granted for Plaintiffs and Defendants. All Receiver's fees will be taxed as costs against the Defendants.

15. Plaintiffs are awarded against Defendants and Defendants shall pay to Plaintiffs the sum of $500.00 in additional attorney's fees.

16. The Receiver shall file a Release of Judgment with the Harris County Clerk for the County Civil Courts at Law within ten (10) days of the collection and satisfaction of the judgment and all costs and fees incurred in collection of the judgment provided the Receiver has been provided with a Release of Judgment from the Plaintiffs or attorney for the Plaintiffs, or upon receipt of written consent from the Plaintiffs or the attorney from the Plaintiffs to release the Judgment on their behalf.

17. The Receiver shall file a Final Accounting with the Court and Application to Close the Receivership within thirty (30) days of the filing of the Release of Judgment.

18. All authority of the Receiver shall automatically terminate thirty (30) days after the filing of the Final Accounting and Application to Close Receivership. The Final Accounting and Application to Close Receivership is subject to approval by the Court, and the Receiver's bond, if cash, will be released only upon approval by the Court of the Final Accounting and Application to Close the Receivership.

**NOTICE TO DEFENDANTS**

**19. An Order of the Court has been entered against you. You have the right to hire an attorney to assist you in complying with this Turnover Order.**

ORDERED this _____ day of _____2010.

_____
MARCIA A. CRONE
UNITED STATED DISTRICT JUDGE

        Approved for entry:

        */s/ Todd Slobin*
        MARTIN SHELLIST
        State Bar #00786487
        TODD SLOBIN
        State Bar #24002953
        3D/International Tower
        1900 West Loop South, Suite 1910
        Houston, Texas 77027
        Telephone:  713 621-2277
        Facsimile:  713 621-0993

        ATTORNEYS FOR PLAINTIFFS

of Counsel:
SHELLIST LAZARZ SLOBIN LLP.

**EXHIBIT "A"**
**MANDATORY DOCUMENT PRODUCTION**

1. Provide true, correct and complete copies of all personal and business federal income tax returns filed by or prepared for Defendant for the current year and for the last three (3) years prior to the current year, together with all schedules, attachments, W-2 forms, 1099 forms and all similar federal income summary forms for the same years.

2. Provide all statements, canceled checks and deposit slips for all checking accounts, savings accounts, credit union accounts or other depository accounts, held either separately or jointly, for the current calendar year and for the last three (3) years prior to the current calendar year for all accounts in which Defendants' names are on the printed checks, in which Defendants have an interest and/or in which Defendants have signatory authority.

3. Provide true, correct and complete copies of all financial statements prepared by or on behalf of Defendants within the last three (3) years, including but not limited to, all such statements presented to any financial institution and/or any other party for the purpose of guaranteeing, securing or attempting to secure a loan or financial assistance of any kind.

4. All booklets, current and/or annual statements and all other documents evidencing the nature and extent of Defendants rights under any stock option plan, retirement plan, pension or profit sharing plan, employee stock ownership plan, company savings plan, thrift fund matching plan and all other similar plans prepared or received during the last three (3) years.

5. Provide the most recent statements, deposit confirmation slips, documents evidencing the balance, term and interest rates for each and every amount of money and assets in which Defendants have any interest, whether separately or jointly, invested by or for the Defendants in any cash management funds, certificates of deposit, money market funds, treasury bills, bonds, debentures or any other type investment and acquisition paying or promising to pay a return on Defendants' monies invested during the current year and for the three (3) calendar years prior to the current year.

6. Provide all certificates of stock and/or brokerage house statements evidencing all ownership and every purchase, sale, assignment or transfer of stocks, bonds, debentures and/or other securities (whether in privately held or publicly traded companies or institutions) owned by Defendants or in which Defendants have a beneficial interest.

7. Provide all documents and records of every kind or character showing all business holdings, partnerships (general, limited or otherwise), sole proprietorships, trust, corporations, joint ventures and any other business organizations of every kind in which Defendants are partners or have an interest and any and all assumed name certificates under which Defendants have done or are doing business.

8. Provide all policies of insurance active and terminated in the current year and two (2) calendar years prior to the current year whether life, health, auto, disability, homeowners, personalty or otherwise of which Defendants are the owners, beneficiaries, insured, heirs to the proceeds, beneficiaries of existing or identified trust funded by insurance proceeds.

    9. Provide all deeds, deeds of trust, land installment contracts, contracts for deeds, syndications, real estate investment trusts, partnership agreements, easements, rights of way, leases, rental agreements, documents involving mineral interests, mortgages, notes and closing statements relating to all real property in which Defendants now have or in which Defendants had an interest during the last three (3) years.

    10. Provide all certificates of title, current licenses, receipts, bills of sale and loan documents for all motor vehicles and farm equipment, including but not limited to automobiles, trucks, motorcycles, recreational vehicles, boats, trailers, airplanes and other motorized vehicles and equipment owned by Defendants or in which Defendants have and had any interest.

    11. For every trust of which Defendants are a trustee, joint trustee, beneficiary, settlor or trustor which conveyed, transferred, assigned, created any options to purchase, or disposed of any interest in real property or personal property in any manner during the last three (3) years, please furnish documents evidencing the manner of disposition and the consideration received or to be received. Also, furnish all documents showing all evaluations of Defendants' interest, share of principal and income and documents showing the principal and income allocated to Defendants whether or not distributed during the last three (3) years.

    12. Produce all documents and records of all safe deposit boxes maintained by Defendants and to which Defendants have had access, or has a claim, right or interest in, including all lists of all contents therein. Identify the location of all said safe deposit boxes.

    13. Produce all documents constituting and/or describing all accounts receivable of Defendants whether or not collected. Also provide all documents identifying all accounts receivables of all ongoing businesses which Defendants own and in which Defendants had and have an interest and a copy of all collected, offset, credited, uncollected, discounted, assigned, pledged and exchanged accounts receivables.

    14. If any real estate in which Defendant or if applicable, Defendant's present spouse have an interest has been appraised within the past three (3) years, furnish a copy of each appraisal.

    15. If any personal property in which Defendants or if applicable, Defendant's present spouse has an interest has been appraised within the past three (3) years, furnish a copy of each appraisal.

    16. If an inventory or list of personal property have been made by Defendants or if applicable, Defendants' present spouse within the past three (3) years, furnish a copy of such inventory or list including all estimates of value placed on each item.

    17. Produce all documents, notes, bills, statements and invoices evidencing all current indebtedness payable by Defendants or paid off during the last three (3) years and all assignments of promissory notes made by Defendants during the last three (3) years.

    18. Produce all lease agreements for personal property and real property executed by Defendants within the last three (3) years and/or which are currently in effect, whether as lessee, lessor, sublessee, sublessor, assignee or assignor, including any mineral interest leases.

19. Produce all records of all travelers checks, cashier's checks, money orders, draft and draws purchased or cashed within the last three (3) years.

20. Provide the names, addresses and telephone numbers of all organizations and persons within Defendants knowledge who has or may have knowledge of the status of property in which Defendants have and had an interest, whether being community or separate property, the liabilities of Defendants and/or the location and value of any assets of Defendants. Include banks, savings and loan associations, mortgagees, merchants, credit providers, brokers, credit unions, financial institutions, security dealers, people and organizations dealing with mineral interests who have received information from Defendant regarding or including information about Defendants' assets and assets in which Defendant has an interest, Defendants' income and Defendants' liabilities.

21. Provide documents and all records which would indicate the cost basis of assets presently owned by Defendants.

22. Provide a copy of the current inventory and all past inventories, accounts receivable of all ongoing businesses which Defendants own and in which Defendants had and have had an interest and a copy of all collected, offset, credited, uncollected discounted, assigned, pledged and exchanged accounts receivable of all businesses owned by Defendants and in which Defendants have and had an interest.

23. Provide all contracts in which Defendants are a party or in which Defendants have or had a beneficial interest, including but not limited to any earnest money contracts, construction contracts and sales agreements in which Defendants are due a commission or other remuneration. If Defendants are presently under the terms of any written employment contract and/or agreement or are due any remuneration under any past contract or agreement, furnish a true copy of said contract or agreement.

24. Provide all of the following documents for any corporation in which Defendants have an interest:

    a. Articles of Incorporation.
    b. Bylaws and all amendments.
    c. Shareholders Agreement and any amendments.
    d. A specimen of the corporation's Share Holder Certificate including any stock transfer restrictions noted on the face of the certificate or referred to thereon.
    e. All records of the original issuance of shares issued by the corporation and a record of each transfer of those shares that have been presented to the corporation for registration of transfer.
    f. The names and current addresses of all past and current shareholders of the corporation and the number and class or series of shares issued by the corporation held by each of them.
    g. A copy of the current share transfer ledger of the corporation showing the certificate number, date of issuance, shareholder name and number of shares represented to be held by the shareholders.

  h. Any financial statements of the corporation prepared for or issued by the corporation in the previous two years.
  i. The books and records of accounts of the corporation for the last fiscal year.
  j. The corporation's annual statements for its last fiscal year showing in reasonable detail its assets and liabilities and the results of its operations and the most recent interim statements, if any, which have been filed in a public record or otherwise published.
  k. The minutes of the proceedings of the owners or members or governing authority of the corporation and committees of the owners or members or governing authority of the corporation.
  l. The corporation's federal, state, and local information or income tax returns and franchise tax returns for each of the corporation's six most recent tax years.

25. Provide all of the following documents for any limited liability company ("Company") in which Defendants have an interest:

  a. The Articles of Organization.
  b. The Operating Agreement or Company Agreement and all amendments and modifications.
  c. The Regulations, if any, and all amendments and restatements.
  d. The Company's books and records of accounts for the last three years.
  e. The Company's minutes of the proceedings of the owners or members or governing authority of the Company and committees of the owners or members or governing authority of the Company.
  f. The current list of each member's name, mailing address, percentage or other interest in the Company owned by each member, and if one or more classes or groups are established in or under the articles of organization or regulations, the names of the members who are members of each specified class or group.
  g. Copies of the federal, state and local information or income tax returns and franchise tax returns for each of the Company's six most recent tax years.
  h. Copies of any document that creates, in the manner provided by the articles of organization or regulations, classes or groups of members.
  i. Unless they are contained in the Articles of Organization or regulation, a written statement of:

    (1) the amount of a cash contribution and a description and statement of the agreed value of any other contribution made or agreed to be made by each member;

    (2) the dates any additional contributions are to be made by a member;

    (3) any event the occurrence of which requires a member to make additional contributions;

    (4) any event the occurrence of which requires the winding up of the Company; and

    (5) the date each member became a member of the Company.

  j. A specimen of the Company's Member Unit or Share Certificate including any transfer restrictions noted on the face of the certificate or referred to thereon.

  k. The current unit or share transfer ledger of the Company showing the certificate number, date of issuance, unit holder or shareholder name and number of shares represented to be held by any owner of the Company.

  l. The income and expense statement for the Company for the past three years if they are not contemplated under No. 4 above.

  m. Any financial statements of the Company prepared for or issued by the Company in the previous two years.

26. Provide all of the following documents for any limited partnership in which Defendants have an interest:

  a. A current list that states:

   (1) the name and mailing address of each partner, separately identifying in alphabetical order the general partners and the limited partners;

   (2) the last known street address of the business or residence of each general partner;

   (3) the percentage or other interest in the partnership owned by each partner; and

   (4) if one or more classes or groups are established under the partnership agreement, the names of the partners who are members of each specified class or group.

  b. A copy of:

   (1) the limited partnership's federal, state, and local information or income tax returns and franchise tax returns for each of the partnership's six most recent tax years;

   (2) the partnership agreement and certificate of formation; and

   (3) all amendments or restatements.

  c. Copies of any document that creates, in the manner provided by the partnership agreement, classes or groups of partners.

  d. An executed copy of any powers of attorney under which the partnership agreement, certificate of formation, and all amendments or restatements to the agreement and certificate have been executed.

  e. Unless contained in the written partnership agreement, a written statement of:

   (1) the amount of the cash contribution and a description and statement of the agreed value of any other contribution made by each partner;

   (2) the amount of the cash contribution and a description and statement of the agreed value of any other contribution that the partner has agreed to make in the future as an additional contribution;

   (3) the date on which additional contributions are to be made or the date of events requiring additional contributions to be made;

   (4) events requiring the limited partnership to be dissolved and its affairs wound up; and

   (5) the date on which each partner in the limited partnership became a partner.

      f. The records of the accounts of the limited partnership.

      g. The income and expense statement for the limited partnership for the past three years if they are not contemplated under No. 6 above.

      h. Any financial statements of the limited partnership prepared for or issued by the limited partnership in the previous two years.

27. Provide documents by which every gift, bailment, loan, gratuitous holding assignment, sale, hypothecation, discounted transfer, transfer into lock box payment and transfer of Defendants' property during the last three (3) years, including, but not limited to, all property described hereinabove and any other property of any nature.

28. Provide documents and records of every kind and character showing all personal property in which Defendants has and had an interest in the State of Texas, the United States of America or any other place.

29. Provide copies of the Articles of Incorporation, partnership agreements and assumed name records of all companies, partnerships, corporations and proprietorships that have owners, employees, officers, directors, shareholders and partners which are or were also owners or employees of Defendants.

30. Provide employment records or pay records to indicate every business for which Defendants were employed, provided services, were an independent contractor, general contractor, superintendent, agent or subcontractor during the last three (3) years.

31. To the extent not already produced in response to the foregoing, produce the following property, documents and records which Defendants own or have an interest: all checks, cash, securities (stocks and bonds), promissory notes, deeds, deeds of trust, documents of title, contracts, accounts receivable, escrow agreements, retainage agreements, records and all documents that identify all property in which Defendants have an interest and that which is collateral or security for any obligation or contingent obligation of Defendants, along with all documents indicating any interest of the Defendants in rental agreements, royalty agreements, licenses, bailment agreements, filings pursuant to the Uniform Commercial Code, security agreements, assignments, all filed or recorded liens, lis pendens, lawsuits, recorded Mechanics and Materialmen's Lien Affidavits, judgments, abstracts, partnership agreements, employment agreements, as well as all documents indicating Defendants' present and prospective heirship, beneficial interest in trusts, beneficial interest in insurance policies and insurance coverage and right to any insurance policy's cash surrender value or ownership.